McLAREN v. FISCHER.

(Supreme Court, Appellate Division, Second Department. November 28, 1899.)

1. BUILDING CONTRACT—PERFORMANCE—DELAY.
    A contractor's delay of 51 days, in completing alterations in a building, after the expiration of the 3 weeks within which he agreed to make them, is prima facie unreasonable, and places on him the burden of showing conditions justifying the delay.

2. SAME—QUESTION FOR JURY.
    A contractor agreed to complete alterations in a building within 3 weeks after commencement, but by reason of failure of a third person to

deliver building material was delayed for 51 days in completing the same. *Held*, that whether such failure justified the delay was a question of fact for the jury.

Woodward, J., dissenting.

Appeal from trial term, Kings county.

Action by Charles McLaren against Adam E. Fischer to recover damages for delay in completing a building contract. From a judgment directing a nonsuit, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. T. Ketcham, for appellant.
Charles Strauss, for respondent.

HATCH, J. I am unable to agree with the conclusion reached by Mr. Justice WOODWARD in this case. Before the contract was made between the plaintiff's assignor and Mrs. Lefebvre, the defendant had notice of it, and knew its terms and conditions. By virtue of that contract he must be presumed to have known that plaintiff's assignor had obligated herself to pay damages at the rate of $25 a day during the period covered by the taking down and erection of the party wall. It was in view of this condition that the agent of plaintiff's assignor inquired of the defendant the time which would be necessarily occupied in taking down and putting up the wall; and his answer, in view of the conditions and the obligations assumed, constituted a contract upon his part to tear down and erect a structure within three weeks. Or if it be not held to. be a legal binding contract to perform the work within that time, it at least clearly imposed upon him the duty of performing the work within a reasonable time, as he was bound to make the sum that plaintiff's assignor was required to pay as light as possible. It is clear that the delay of 51 days beyond the period when the wall should have been completed, if unexcused, was an unreasonable delay; and, such being the fact, the defendant was bound to justify the delay by proof of conditions excusing it, and the burden is upon him to establish the sufficiency of the excuse. Spann v. Transportation Co., 11 Misc. Rep. 680, 33 N. Y. Supp. 566, affirmed on appeal, 157 N. Y. 694, 51 N. E. 1094. The proof in the present case tended to establish that the occasion for the delay was the failure of the iron company to deliver the ironwork required for the building; but whether such delay was the fault of the defendant or of the iron company does not appear, *non constat* that it might have been wholly the fault of the defendant. But the plaintiff was not bound to establish this fact. When he had given evidence of his contract, and the nonperformance thereof by the defendant, then the law imposed a burden upon the latter of explaining the cause of the delay. Mere failure by a third party to deliver material necessary to complete the work might or might not satisfactorily excuse the performance within the given time, but this becomes a question of fact for the jury. It was not a question which could be disposed of by the court, as the plaintiff made a prima facie case, which, if unanswered, en-

titled him to recover. As I view the evidence, merely showing failure of a third party to deliver materials did not per se answer the case made by the plaintiff. It was, therefore, error to dismiss the complaint, for which the judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur, except WOODWARD, J., who dissents.

WOODWARD, J. (dissenting). There was clearly no question to be submitted to the jury in this case. The defendant and Mary T. Rix, plaintiff's assignor, entered into an agreement on the 29th day of August, 1895, in reference to a party wall, in which Mrs. Rix agreed to permit the defendant to take down the then existing wall of her building on West Houston street, New York City, and to erect a new party wall, the right to use the same being conditioned upon Mrs. Rix paying a certain portion of the cost of constructing said wall. Subsequent to this agreement, Elisa Lefebvre, as administratrix, etc., who occupied the building belonging to Mrs. Rix as a restaurant and French boarding house, objected to the wall being taken down during her tenancy. To overcome this objection, Mrs. Rix entered into an agreement with Mrs. Lefebvre, in which she undertook to compensate the latter for any damages which she might sustain by reason of the removal of the wall; the damages, other than those resulting from negligence, etc., being stipulated at $25 per day, with an additional allowance of $10 per day for each day in excess of three weeks from the time of commencing the alterations. It was agreed that the alterations should be made in "an expeditious and workmanlike manner," and the party of the first part covenanted to indemnify the party of the second part against "any damages that she may suffer through any negligence of any party engaged in making the alterations aforesaid, or through failure to comply with the foregoing conditions, or through unreasonable delay in completing said alterations." The defendant, "in consideration of the execution of the above agreement by Elisa Lefebvre," agreed "to do the work mentioned in foregoing agreement in the manner therein mentioned." Soon after the execution of this agreement, the work of taking down the wall was commenced, but, owing to delay in securing the necessary iron for the superstructure, the work of rebuilding the wall was delayed several weeks, resulting in Mrs. Rix being called upon to pay a much larger sum for damages to Mrs. Lefebvre than she had anticipated. Her assignor now seeks to charge the defendant with the excess of cost, upon the theory that he owed Mrs. Rix the duty of completing the work within the period of three weeks from the time of commencing to take down the original party wall. The only testimony in the case is that of a Mr. Bunnell, who was the attorney for Mrs. Rix in the transaction. While it might be gathered from this testimony that there was some understanding between the parties that the work would be completed within a period of three weeks, I find nothing in the contract signed by the defendant which imposed such a duty. His contract was merely to do the work in the manner provided in the agreement between the parties, no mention of time being made; and, while it

was undoubtedly his duty to do the work in a reasonable length of time, there is no evidence in the case that he failed in the discharge of this duty. On the contrary, it appears that he used due diligence in prosecuting the work as soon as he could get the materials, and it is not urged that he has in any degree failed to perform the work in the manner provided in the main contract. He cannot, therefore, be called upon to reimburse the plaintiff for the money which his assignor may have paid to Mrs. Lefebvre under the contract with Mrs. Rix. The defendant had nothing to do with that contract, except to carry out his agreement to complete the work in a reasonable time, and in the manner stipulated in the agreement between the parties to the principal contract.

The judgment appealed from should be affirmed, with costs.